**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 1:12 pm, Jun 27, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | Number 11-10431 |
| Randi's, Inc. | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## ORDER AND OPINION

Pursuant to 11 U.S.C. §1121, Randi Beckworth ("Shareholder") sought to file and confirm a small business Chapter 11 plan ("the Plan") for Randi's, Inc. ("Debtor") more than 300 days after the date of the order for relief. The Court has jurisdiction pursuant to 28 U.S.C. §1334 and this is a core proceeding under 28 U.S.C. §157(b)(2)(L) and (O). Pursuant to 11 U.S.C. §1121(e), I find confirmation should be denied and the case dismissed because the proposed small business chapter 11 plan was filed more than 300 days after the date of the order for relief.

## FINDING OF FACTS

On March 2, 2011, Debtor filed a petition for bankruptcy under chapter 11 of the Bankruptcy Code. The Debtor is a small business debtor. Three hundred days from the date of

filing was December 27, 2011.   On January 4, 2012, the United States Trustee ("Trustee") filed a Motion to Dismiss the Case or Convert to Chapter 7.   As grounds for dismissal, the Trustee alleged the Debtor failed to file a plan and disclosure statement within 300 days of the date of the order for relief and failed to request an extension to do so.   Dckt. No. 37, Motion to Dismiss or Convert to Chapter 7.   Thereafter, on February 16, 2012, 351 days after the date of the order for relief, Debtor filed a plan and disclosure statement and a Motion to Extend Time to Confirm Plan.   The plan proposes to pay Debtor's claims in full.   Dckt. No. 44, Randi's, Inc.'s Plan of Reorganization.   After the plan was filed, the Trustee filed a Withdrawal of Motion to Dismiss or Convert.[1]

On March 15, 2012, because the Trustee's motion had been withdrawn, a hearing on the Motion to Extend Time to Confirm Plan was held.   At that hearing and after a colloquy on the issue currently before the Court, I agreed to enter an order extending the time for confirmation but reserved ruling on whether the failure to file a plan within 300 days of the order for relief or

---

[1]  Although the Trustee has withdrawn its Motion, the Court still has an independent duty to make sure the Plan is confirmable. See United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1381, n.15 (2010); Universal Am. Mortg. v. Bateman, 331 F.3d 821, 828 n.6 (11th Cir. 2003).

obtain an extension made any plan statutorily unconfirmable. Dckt. No. 51, Hearing on Motion to Extend Time to Confirm Plan; Dckt. No. 68 (further extending the time to June 26, 2012). On March 21, 2012, 385 days after date of the order for relief, Shareholder filed the Plan. Shareholder is the sole shareholder and officer of Debtor. Dckt. No. 13, List of Equity Shareholders; Dckt. No. 19, Statement of Financial Affairs. The Shareholder's plan is virtually identical to Debtor's plan except for the plan proponent. Like the previous plan filed by the Debtor, the current Plan proposes to pay all creditors in full over time. Dckt. No. 53, Plan of Reorganization. For the reasons discussed below, the case is dismissed.

## CONCLUSIONS OF LAW

As amended in 2005, 11 U.S.C. §1121(e) now provides:

In a small business case--

(1) only the debtor may file a plan until after 180 days after the date of the order for relief. . .

(2) the plan . . . shall be filed not later than 300 days after the date of the order for relief; and

(3) the time periods specified in paragraphs (1) and (2)... may be extended only if--

(A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a

preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;

(B)   a new deadline is imposed at the time the extension is granted; and

(C)   the order extending time is signed before the existing deadline has expired.

11 U.S.C. §1121(e)(2005).   Before the 2005 Amendments to the Bankruptcy Code, 11 U.S.C. §1121(e) read:

In a case in which the debtor is a small business and elects to be considered a small business--

(1) only the debtor may file a plan until after 100 days after the date of the order for relief under this chapter;

(2) all plans shall be filed within 160 days after the date of the order for relief; and

(3) on request of a party in interest made within the respective periods specified in paragraphs (1) and (2) and after notice and a hearing, the court may--

(A) reduce the 100-day period or the 160-day period specified in paragraph (1) or (2) for cause. . . .

11 U.S.C. §1121(e)(1994).   Thus, before the 2005 Amendments, the statutory language required "all plans" to be filed within 160 days of the order for relief.   The question currently before the Court is whether Congress, when amending §1121(e), altered to whom the deadline applies.

Few courts have considered whether the time period imposed by amended 11 U.S.C. §1121(e)(2) applies solely to the debtor or extends to other parties. See In re Sanchez, 429 B.R. 393, 400 (Bankr. D.P.R. 2010)(stating that failure to file a plan within the §1121(e)(2) deadline is cause for dismissal); see also In re Sutherland, No. 10-17768-MER, 2011 WL 2078529 at *1-2 (Bankr. D. Colo. May 25, 2011)(stating that failure to file a plan within the 300-day deadline is grounds for dismissal); In re Castle Horizon Real Estate, LLC., No. 09-05992-8-JRL, 2010 WL 3636160 at *2 (Bankr. E.D.N.C. Sept. 10, 2010)("if no party files a plan within 300 days, then no relief is available"); but see In re Florida Coastal Airlines, Inc., 361 B.R. 286, 292 (Bankr. S.D. Fla. 2007) (concluding the §1121(e)(2) deadline applies solely to plans filed by the debtor). After considering the matter and the facts of this case, I conclude cause exists to dismiss or convert the case for the failure of any party to file a plan within the 300-day period or to timely obtain an extension.

Small business cases are on an expedited tract and follow the supervised procedure mandated by Congress. H.R. Rep. No. 109-31, at 158 (2005). Section §1121(e)(2) requires "the plan. . . be filed not later than 300 days after the date of the order for relief." 11 U.S.C. §1121(e)(2). In this case, no plan

AO 72A
(Rev. 8/82)

was filed within the 300 days after the order for relief. Furthermore, pursuant to 11 U.S.C. §1121(e)(3)(C), any order extending this time must be signed prior to the expiration of the deadline. No such order was entered in this case. As a result of the failure to satisfy the provisions of 11 U.S.C. §1121(e), the proposed plan cannot be confirmed.

In _Florida Coastal_, the debtor had filed the plan within the 300-day period. A creditor filed a truly competing plan outside the 300-day period. That is not the facts currently before the Court. Even if I were to entertain Debtor's _Florida Coastal_ argument, that the 300-day deadline of §1121(e) only applies to plans filed by the Debtor, I still conclude Debtor's sole shareholder and director cannot avoid the implications of §1121 by filing an identical plan as the untimely one proposed by Debtor. In this case, no plan was filed within the 300-day period. I was prepared to dismiss the case at the March hearing for the Debtor's failure to a plan before the expiration of the 300-day deadline, but afforded the parties an opportunity to brief the matter. After the hearing, Shareholder filed her plan in an attempt to cure Debtor's failure to file the plan within the statutory timeframe. Given the facts of this case, the logic

of Florida Coastal cannot be used as an "end run" to avoid satisfying the requirements of §1121(e).

Once the 300-day time period ends and there is no plan filed by any party in interest, "cause" for dismissal exists. See 11 U.S.C. §1112(b)(4)(J). Section 1112(b)(4) provides a non-exhaustive list of what constitutes "cause." Section 1112(b)(4)(J) states that a "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title" constitutes "cause." 11 U.S.C. §1112(b)(4)(J). After concluding that cause exists to dismiss or convert this case, pursuant to §1112, I find dismissal of this case is in the best interest of the creditors and the estate. Debtor previously contended that if the case is converted to a chapter 7, there will be no distribution for the creditors. Dckt. No. 76, Brief in Response to Motion to Dismiss. For these reasons and after noting the repayment period set forth in the proposed plan, I conclude dismissal, rather than conversion is in the best interest of the creditors and the estate.

Debtor argues that 11 U.S.C. §1112(b)(2) precludes me from converting or dismissing the case because Debtor claims the full payment of debts under the Plan constitutes "unusual circumstances" that makes converting or dismissing the case not

⬥AO 72A
(Rev. 8/82)

in the best interests of creditors or the estate. I disagree with Debtor's analysis of §1112(b)(2). Section 1112(b)(2) states that:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title... and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>   (i) for which there exists a reasonable justification for the act or omission; and
>
>   (ii) that will be cured within a reasonable period of time fixed by the court

11 U.S.C. §1112(b)(2)(emphasis added). As previously discussed, since I have concluded that the §1121(e)(2) deadline applies to the proposed plan, statutorily no plan can be confirmed within the timeframes established in §1121(e). Thus, the provisions of §1112(b)(2)(A) cannot be satisfied.

Debtor further argues 11 U.S.C. §105(d)(2)(B)(iii) authorizes the court to set the date by which a party other than the debtor may file a plan. Section 105(d)(2)(B)(iii) provides:

> (d) The court, on its own motion or on the request of a party in interest—
>
> (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that--
> (B) in a case under chapter 11 of this title--
>
> (iii) sets the date by which a party in interest other than a debtor may file a plan

11 U.S.C. §105(d)(2). Section 105(d)(2)(B)(iii) may be invoked only where doing so would not be "inconsistent with another provision of [the Bankruptcy Code]." 11 U.S.C. §105(d)(2). Section 1121(e)(2) expressly limits the period during which a small business plan may be filed. Confirming this plan filed after the 300-day deadline would be inconsistent with §1121(e)(2). Therefore, §105(d)(2) cannot be invoked to extend the deadline. See In re Fesco Plastics Corp., Inc., 996 F.2d. 152, 154-55 (7th Cir. 1993); see also, In re Sutherland, No. 10-17768-MER, 2011 WL 2078529 at *1-2 (Bankr. D. Colo. May 25, 2011)(rejecting debtor's request for the court to use its §105

AO 72A
(Rev. 8/82)

powers to extend the §1121(e)(2)-(3) deadlines); In re Barnes, 308 B.R. 77, 80-81 (Bankr. D. Colo. 2004)(declining to extend the pre-BAPCPA §1121(e)(2) deadline using the court's §105 powers where the Code clearly prohibits an extension).   Bankruptcy courts must and can only exercise their equitable powers within the confines of the Bankruptcy Code. Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988); In re Fesco Plastics Corp., Inc., 996 F.2d. at 154-55; see also, In re Sutherland, 2011 WL 2078529 at *1-2; In re Barnes, 308 B.R. at 80-81.   This conclusion also comports with the principle that a more general statute gives way to a more specific one when there exists friction between the two.   See Morales v. Trans World Airlines, 504 U.S. 374, 384-85 (1992)("[I]t is a commonplace of statutory construction that the specific governs the general.").   Section 1121(e)(2) deals specifically with the consequences of failing to file a plan within 300 days after the order for relief in small business cases whereas 11 U.S.C. §105 is a general grant of equitable powers.   For these reasons, I conclude §1121(e)(2) governs, and §105 does not authorize the extension of this deadline.

For the foregoing reasons, it is therefore ORDERED that confirmation is DENIED and the case is DISMISSED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia

this ___27th___ Day of June 2012.

AO 72A
(Rev. 8/82)